a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JARMARPHIO SHANTEZ MOOSE #29803-057, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00297 SEC P |
| VERSUS | JUDGE DRELL |
| WARDEN MERRENDINO, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Jarmarphio Shantez Moose ("Moose"). Moose is a prisoner in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana.

Because Moose has failed to exhaust administrative remedies, his § 2241 Petition should be DISMISSED WITHOUT PREJUDICE.

I. Background

Moose pleaded guilty to possession of a firearm by a convicted felon and was sentenced to 120 months of imprisonment. *United States v. Moose*, 589 F. App'x 70 (4th Cir. 2014). His conviction and sentence were affirmed. *Id.*

Moose filed a motion to correct an illegal sentence under 28 U.S.C. § 2255 claiming that his constitutional rights were violated because his attorney provided ineffective assistance of counsel and because his guilty plea was not knowing and

voluntary. The motion was denied. *Moose v. United States*, 1:13-CR-373, 2016 WL 4491824 (M.D. N.C. 2016). Moose filed a second motion to vacate, which was dismissed for failing to obtain authorization from the court of appeals. *Moose v. United States*, 1:13-CR-373, ECF No. 131.

Moose next filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the COVID-19 pandemic. *Id.* at ECF No. 134. His motion was denied. *Id.* at ECF No. 142. Thereafter, Moose filed a motion for home detention, which was also denied. *Id.* at 145, 146.

In his § 2241 Petition, Moose claims that he is entitled to Earned Time Credits under the First Step Act of 2018. ECF No. 1. Moose alleges that he was told by his Unit Team that he was ineligible for the credit because he was convicted under 18 U.S.C. § 922(g). *Id.* at 12. Moose alleges that his Unit Team is incorrect, and that § 922(g) does not make him ineligible for Earned Time Credits. *Id.*

II. <u>Law and Analysis</u>

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

The BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with

staff. *See* 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the warden's response (BP-10). 28 U.S.C. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office (BP-11). *Id.* There are time limits for BOP officials to respond at each level of the administrative remedy process.

Moose admittedly did not file any administrative grievances. He alleges that "for this particular claim there are no available remedies at the administrative level." ECF No. 1 at 10. Exceptions to the exhaustion requirement apply only in extraordinary circumstances, such as when the petitioner proves that exhaustion would be futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). The petitioner bears the burden of proving futility. *Id.* Moose points to no extraordinary circumstances that would warrant an exemption from the exhaustion requirement.

Moreover, petitioners raising identical claims have consistently been required to exhaust prior to filing under § 2241. *See Bomer v. Garrido*, 1:20-CV-503, 2021 WL 6613441, at *2 (E.D. Tex. 2021), *report and recommendation adopted*, 2022 WL 178802 (E.D. Tex. 2022) (petitioner must exhaust his claim concerning Earned Time Credit with the BOP before filing a federal habeas petition); *Portillo v. Garrido*, 1:21-CV-59, 2021 WL 6206916, at *2 (E.D. Tex. 2021), *report and recommendation adopted*, 2022 WL 23623 (E.D. Tex. 2022) (same); *Chavez v. Carr*, 4:21-CV-903, 2021 WL 5920714, at *3 (N.D. Tex. 2021)); *Qattoum v. Gillis*, No. 5:18-CV-137, 2020 WL

2841784 at *3 (S.D. Miss. 2020) (same); *Burtons v. Warden, FMC-Fort Worth*, 4:21-CV-935, 2021 WL 6063103, at *3 (N.D. Tex. 2021) (same).

Moose must give the BOP an opportunity to review his claim and determine whether he is entitled to Earned Time Credit before pursuing a § 2241 claim in this Court.

### III. Conclusion

Because Moose has not exhausted his administrative remedies, IT IS RECOMMENDED that his § 2241 Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, February 18, 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE